UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM E. BENNETT, an individual
d/b/a WEB Themes

        Plaintiff,                Case No. 06-13221

vs.                                HONORABLE DAVID M. LAWSON
                                HONORABLE STEVEN D. PEPE

AOL LLC, a Delaware corporation;
TIME WARNER Inc., a Delaware
corporation; TUCOWS, Inc.,
a Delaware corporation; JOHN DOE

        Defendants.
_____/

## REPORT AND RECOMMENDATION

On September 15, 2006, Defendant Time Warner filed its Fed. R. Civ. P. 12(b)(6) motion to dismiss Plaintiff's Complaint against it, arguing that Plaintiff's Complaint contains no allegations of wrongdoing against Time Warner (Dkt. #9). On the same date, Defendants AOL LLC and Time Warner filed a motion to dismiss or transfer this case to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a), because of a forum selection clause contained in Plaintiff's Terms of Service Agreement with AOL (Dkt. #11). The jurisdictional issue was dealt with first, and after multiple submissions and judicial determinations, this matter was finally resolved on February 12, 2007, in this Court's denial of Defendants' motion for reconsideration of its earlier order denying such a transfer (Dkt. #60). Once it was finally determined that this forum would decide the merits of Plaintiff's claims, Defendant Time Warner's Rule 12(b)(6) motion to dismiss for failure to state a claim against it was scheduled for hearing. On February 21, 2007, a hearing was held to determine and understand the relevant ownership and

management status of America Online, Inc., for the relevant time period and the evolution of

American Online, Inc., and Time Warner, Inc.,  AOL Holdings LLC and TW AOL Holdings,

Inc., and their relation to Time Warner, Inc.  All pre-trial matters were referred to the

undersigned for general case management (Dkt. #16).  Because the present motion seeks

dismissal of a party, this matter is being handled under 28 U.S.C. § 636(b)(1)(B).  For the

reasons stated below, it is **RECOMMENDED** that Defendant Time Warner's 12(b)(6) motion to

dismiss be **GRANTED**.


I.     **Procedural History**

        After Defendant Time Warner filed its Fed. R. Civ. P. 12(b)(6) motion to dismiss

Plaintiff's Complaint against it, Plaintiff filed his first Amended Complaint on October 2, 2006

(Dkt. #18), and his response to Defendant's 12(b)(6) motion on October 4, 2006 (Dkt. #19).

Defendant Time Warner subsequently filed its October 16, 2006, reply brief (Dkt. #28) to which

Plaintiff filed an October 20, 2006, sur-reply (Dkt. #32).  On January 31, 2007, Plaintiff filed his

motion for leave to file another sur-reply brief opposing Defendant Time Warner's motion to

dismiss (Dkt. #56) and on February 5, 2007, Plaintiff filed his second Amended Complaint (Dkt.

#58).

        Because matters outside the pleadings were earlier submitted on Defendant's motion, and

further clarification was needed to resolve the current motion, prior to the February 21, 2007,

hearing, both parties were ordered to provide supplemental filings which would describe in

detail, through the use of declarations under 28 U.S.C. § 1746(2) and organizational "berry"

charts displaying the ownership and management status of America Online, Inc., for the relevant

2

time period and the evolution of American Online, Inc., Time Warner, Inc., AOL Holdings LLC and TW AOL Holdings, Inc., and their relation to Time Warner, Inc.  These submissions are referred to herein as Dkt. # 69, filed on February 22, 2007 (Plaintiff's Submissions) and Dkt. # 71, filed on February 27, 2007  (Defendant Time Warner's Submissions).   Because "matters outside the pleadings are presented" and considered on the corporate structures of the various entities, this Rule 12(b)(6) motion can be "treated as one for summary judgment and disposed of as provided in Rule 56."  Fed. R. Civ. P. 12(b).

**II.** **Background Facts**

 **A.**  **Alleged Cause of Action**

As set forth in Plaintiff's Complaint, Plaintiff is author and owner of the copyrighted audiovisual works "Pheasants in Flight Screen Saver" and "Solitude Screen Saver." America Online, Inc., (now AOL LLC) is an Internet Service Provider of which Plaintiff was a subscriber. (Dkt. #1, ¶¶ 7, 10; Dkt. #11, p. 6[1]).  Pursuant to contract, Defendant Tucows provided third-party Internet services to America Online, Inc., including but not limited to providing America Online, Inc. ,with certain uploading and downloading services, providing certain content for download on the America Online, Inc., site by America Online, Inc. members, and categorizing and indexing such content in a format designated by America Online, Inc. (Dkt. #7, ¶ 8).

America Online, Inc., maintained a center for its members through which they could upload and download software, thereby sharing software with other members (Dkt. #1, ¶ 11). Plaintiff indicates that he granted America Online, Inc., a non-exclusive software licence to use his software for the downloading and personal use of its members subject to the following

---

[1]Page number reflects ECF pagination.

restrictions:

> The uploader claims and guarantees to have full and clear copyright to this work. This work is for personal use of downloading member and may not be modified, distributed, etc. in whole or in part.  This work cannot be uploaded to any electronic system or BBS or included in any compact disk (CD-ROM) or collection of any kind without the written permission from the uploader.  To do so places the user at legal risk of sever [sic] fines and penalties for copyright infringement.

Plaintiff notes that this made his software available to America Online, Inc.'s "20,000,000+" members (Dkt. #1, ¶ 17).

On or about July 23, 2003, Plaintiff claims that America Online, Inc. destroyed the old libraries containing the software and created a new upload/download center, which continued to make available for download Plaintiff's software.  In doing so, Plaintiff alleges that America Online, Inc. exceeded the software license he had provided them and violated his copyright because it did not adequately inform him of the change in procedure (Dkt. #1, ¶¶ 17, 19, 20).  This new center contained content provided by Tucows, including content that Tucows received from America Online, Inc., categorized and indexed, and returned to America Online, Inc. ,for the center.

Further, Plaintiff alleges that his copyrighted software was made available on Tucows' own Internet site.  He claims that Tucows distributed his "Pheasants in Flight" screen saver to at least 4 people and his "Solitude" screen saver to at least 3 people.  Plaintiff alleges that therefore America Online, Inc., and Tucows are liable for copyright infringement. (Dkt. #1, ¶¶ 23, 26, 30, 33–35).  Tucows denies the content available for download on America Online, Inc.'s internet site was ever "piped" through Tucows' Internet site (Dkt. #7).   Plaintiff's claims against Defendant Time Warner, Inc. is based on its 2000 "merger" with AOL LLC's predecessor, American Online, Inc.  Prior to alleged copyright infringements in 2003.  Thus, the core of the

4

contentions against Defendant Time Warner, Inc., is whether it is a merged successor corporation to America Online, Inc., or whether it is, as it contends, a parent corporation of a subsidiary corporation now known as AOL LLC, which is a separate successor corporation to America Online, Inc.  As noted below. the details of the 2000 "merger" of Time Warner, Inc., and America Online, Inc. is sufficiently complex that any confusion as to the Defendants' corporate structure by Plaintiff and others is fully understandable.

### B.     Corporate Structure and History

On June 12, 1989, Time Warner, Inc. ("Time Warner #1" for identification purposes only)**,** was incorporated in Delaware (*See*, Ex. B).  On May 24, 1985, America Online, Inc. ("America Online Inc. #1" for identification purposes only), was incorporated  in Delaware.  In January 2000, an announcement was made regarding the combination of Time Warner #1 and America Online Inc. #1.  On February 4, 2000, a new corporate entity known as AOL Time Warner, Inc., was incorporated in Delaware.  Legal entities known as Time Warner Merger Sub, Inc. ("Time Warner Merger Sub") and America Online Merger Sub, Inc. ("America Online Merger Sub") were also incorporated in Delaware on March 22, 2000 as wholly owned subsidiaries of AOL Time Warner, Inc.  On January 11, 2001, Time Warner Merger Sub was merged into Time Warner #1 and America Online Merger Sub was merged into America Online Inc. #1.  As a result of these two mergers, Time Warner #1 and America Online Inc. #1 became wholly owned subsidiaries of AOL Time Warner, Inc.

In October 2003, AOL Time Warner, Inc., changed its name to Time Warner, Inc. ("Time Warner #2" for identification purposes only).  Time Warner #2, which is a defendant in this case, thus became the parent corporation of America Online Inc. #1.

5

Thus, the Time Warner, Inc. #1 and America Online Inc. # 1 "merger" was accomplished by creating a new corporate entity, AOL Time Warner, Inc., and two wholly owned "Merger Sub" entities, that thereafter merged with Time Warner Inc. #1 and America Online Inc. # 1, making Time Warner Inc. #1 and America Online Inc. # 1 subsidiaries of the newly formed parent corporation,  AOL Time Warner, Inc., which successor corporation, Time Warner Inc. #2 has been named as a Defendant in this litigation.

On April 3, 2006, America Online Inc. #1 converted to a Delaware limited liability company and changed its name to AOL LLC.  AOL LLC is a subsidiary of AOL Holdings LLC, which is owned by Time Warner Inc. # 2  (2.5%), Google, Inc. (5%), and TW AOL Holdings, Inc. (92.5%). TW AOL Holdings, Inc., which is a Virginia corporation, is wholly-owned by Time Warner Inc. # 2.  Thus, Defendant AOL LLC is 2.5% directly  owned by Time Warner, Inc. #2, and  92.5%  indirectly owned by Time Warner Inc. # 2's wholly owned subsidiary, TW AOL Holdings, Inc., and 5% directly owned by Google, Inc.  (Lou Costello might ask at this time "who's on first?"[2])

AOL LLC was granted a certificate of authority to transact business or conduct affairs in Michigan as a foreign corporation on November 8, 2006.

On May 12, 2006, another legal entity known as America Online, Inc. ("America Online Inc. #2 for identification purposes only), was incorporated in Delaware.  According to the declaration of Katherine Wychulis, Chief Corporate Counsel for Defendant AOL LLC., America Online Inc. #2 was formed, in part, to preserve the name America Online, Inc. (*See*, Dkt # 71).

---

[2] *Who's on First? by Abbott and Costello*, http://www.baseball-almanac.com/humor4.shtml

America Online Inc. #2 was granted a certificate of authority to transact business or conduct affairs in Michigan as a foreign corporation on December 7, 2006.  It was formed after the alleged wrongdoings involved in this case, it is not a Defendant, and this information is provided for purposes of thorough disclosure of the various "America Online" and "AOL" corporate iterations.

## III.   ANALYSIS

### A.   The Legal Standards

(1) Legal Standards for Motions to Dismiss

Fed. R. Civ. P 12(b) permits dismissal for "failure to state a claim upon which relief can be granted." "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even in everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  When deciding a motion under that Rule, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996).  "A judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations."  *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995).  "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions."  *Ibid.*  "In practice, 'a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'"  *In re DeLorean*, 991 F.2d 1236, 1240 (6th Cir. 1993) (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988)).  *See*

*also, Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987) (liberal Rule 12(b)(6)

review is not afforded legal conclusions and unwarranted factual inferences); *Ana Leon T. v.*

*Federal Reserve Bank*, 823 F.2d 928, 930 (6th Cir. 1987) (per curiam) (mere conclusions are not

afforded liberal Rule 12(b)(6) review).

      (2) <u>Legal Standards for Summary Judgment</u>

      In the present case certain factual issues concerning corporate organization need be

resolved prior to and in relation to a determination of  whether Plaintiff has stated a claim against

Defendant Time Warner, Inc.  Under Fed. R. Civ. P. 56, summary judgment is to be entered if

the moving party demonstrates there is no genuine issue as to any material fact.  The Supreme

Court has interpreted this to mean that summary judgment should be entered if the evidence is

such that a reasonable jury could find only for the moving party.  *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 249 (1986).  The moving party has "the burden of showing the absence of a

genuine issue as to any material fact."  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).

*See also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985).  In resolving a summary judgment

motion, the Court must view the evidence in the light most favorable to the non-moving party.

*See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor*

*Corp.*, 711 F.2d 1319 (6th Cir. 1983).  But as the Supreme Court wrote in *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after
> adequate time for discovery and upon motion, against a party who fails to make a
> showing sufficient to establish the existence of an element essential to that party's
> case, and on which that party will bear the burden of proof at trial.  In such a
> situation, there can be "no genuine issue as to any material fact," since a complete
> failure of proof concerning an essential element of the non-moving party's case
> necessarily renders all other facts immaterial.  The moving party is "entitled to a
> judgment as a matter of law" because the non-moving party has failed to make a

8

sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Moreover, when a motion for summary judgment is filed, the adverse party may not merely rely "upon the mere allegations or denials of the adverse party's pleading, but . . . by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

    **B.**   <u>**Factual Analysis**</u>

       *1.*    *The Alleged "Merger"*

In Plaintiff's complaints and briefs, he has alleged Defendant Time Warner's liability, both based on an alleged merger between America Online Inc. #1 and Time Warner Inc. #1, and alternatively on an alter-ego or vicarious liability theory in which he alleges Time Warner Inc. #2 (formerly AOL Time Warner, Inc.) should be held liable for the acts of its subsidiary AOL LLC (formerly American Online Inc. #1).[3]  In preparation for a February 21, 2007, hearing regarding the relevant ownership and management status of America Online, Inc., both parties submitted supplemental filings to the Court, which describe through the use of declarations and "berry" charts the ownership and management status of America Online, Inc., for the relevant time period and the evolution of American Online, Inc., Time Warner, Inc., AOL Holdings LLC and TW AOL Holdings, Inc., and their relation to Time Warner, Inc.  These submissions made clear that America Online Inc. #1, the internet service provider Plaintiff alleges is liable for copyright infringement and other related claims, did not merge in February 2000 with Time Warner #1 to form AOL Time Warner, Inc. (now Time Warner, Inc. #2).

---

[3] Plaintiff claims that as a result of the alleged merger, Defendant Time Warner, Inc. #2 acquired all the rights, duties, liabilities, and property of th alleged wrongdoer America Online, Inc. #1.

As described above, on June 12, 1989, Time Warner, Inc. ("Time Warner Inc. #1") was incorporated in Delaware.  On May 24, 1985, American Online, Inc. ("America Online Inc. #1) was incorporated in Delaware.  In January 2000, an announcement was made regarding the combination of Time Warner #1 and America Online Inc. #1 and on February 4, 2000, a new entity known as AOL Time Warner, Inc. was incorporated in Delaware.  Legal entities known as Time Warner Sub, Inc. ("Time Warner Merger Sub") and America Online Merger Sub, Inc. ("America Online Merger Sub") were incorporated in Delaware on March 22, 2000.  Time Warner Merger Sub and America Online Merger Sub were formed as wholly owned subsidiaries of AOL Time Warner, Inc.  On January 11, 2001, Time Warner Merger Sub was merged into Time Warner, Inc. #1 and America Online Merger Sub was merged into America Online, Inc. #1.  As a result of these two mergers, Time Warner Inc. #1 and America Online, Inc. #1 became wholly owned subsidiaries of AOL Time Warner, Inc.  In October 2003, AOL Time Warner, Inc. changed its name to Time Warner, Inc. ("Time Warner, Inc. #2").

It is therefore clear that throughout America Online Inc. #1's corporate history it has operated either independent of Time Warner Inc. #1 or as a subsidiary directly (2.5%)  and indirectly (92/5%)  owned by AOL Time Warner, Inc. (now Time Warner, Inc. #2).  Plaintiff's alleged harm occurred in 2003, well after the February 2000 formation of AOL Time Warner, Inc., and well after America Online Inc. #1 became a subsidiary of AOL Time Warner, Inc.  The October 2003 name change of AOL Time, Inc., to Time Warner, Inc. ("Time Warner, Inc. #2"), has no relevant effect in this matter. This name change back to "Time Warner, Inc."  (which may cause confusion with the former Time Warner Inc. # 1) does not provide any evidence of an actual corporate merger or subsequent liability.  Defendant Time Warner ("Time Warner Inc.

#2") has provided virtually undisputed evidence that clearly establishes a merger between America Online Inc. #1 and Time Warner, Inc. #1 never occurred in the traditional sense, and that Time Warner Inc. #2 is actually  parent corporation of the separate alleged corporate wrongdoer, AOL LLC (formerly America Online, Inc. #1).  Thus, it is clear that no reasonable jury could find could find such a merger occurred to form the basis of corporate successor liability on the part of Defendant Time Warner, Inc.   Thus, it is recommended that summary judgment be granted on the issue that Defendant Time Warner is a parent corporation of  AOL LLC (formerly America Online Inc. #1).   It is further recommended that based on this factual judgment,  Defendant Time Warner be dismissed from this case for lack of any successor corporate liability based on an alleged, but ultimately unfounded, merger.

### 2. *Vicarious Liability*

Plaintiff has also alleged that Defendant Time Warner is vicariously liable for the acts of America Online Inc. #1 under an alter ego theory (Dkt. #18, ¶ 6).  Plaintiff's claim is most fully explained in his second Amended Complaint (Dkt. #58; Plaintiff's first Amended Complaint was filed October 2, 2006 (Dkt. # 18)), which Defendants have moved to strike, because Plaintiff failed to properly obtain leave of the Court to file as required under Fed. R. Civ. P. 15(a), nor did Plaintiff obtain Defendants' consent to the filing (Dkt. #66).   In this disputed second Amended Complaint, Plaintiff alleges that Defendant Time Warner Inc. #2 is vicariously liable as a result of the "merger on February 4, 2000" (Dkt. #58, Count IX).  He claims that as a result of the merger, from February 4, 2000, to at least October 16, 2003, the two entities America Online Inc. #1 and Time Warner Inc. #1 were treated as one entity, with the same corporate officers, and that the corporate officers pled in paragraph 81 of his second Amended Complaint knew, or

11

should have known, that American Online Inc. #1 was contracting with Tucows, Inc.  Moreover, he states that Defendant Time Warner Inc. #2 stood to gain financially from the success of America Online Inc. #1.

As discussed in the previous section, a merger between America Online Inc. #1 and Time Warner Inc. #1 never occurred in the traditional sense.  Rather, on January 11, 2001, America Online Inc. #1 became a wholly owned subsidiary of a newly formed corporation, AOL Time Warner, Inc., and in October 2003, this newly formed AOL Time Warner, Inc., changed its name to Time Warner, Inc. ("Time Warner #2").  On April 3, 2006, America Online, Inc. #1 converted to a Delaware limited liability company and changed its name to AOL LLC.  AOL LLC is a subsidiary of AOL Holdings, LLC, which is owned by Time Warner, Inc. # 2 (2.5%), Google, Inc. (5%) and TW AOL Holdings, Inc. (92.5%)( TW AOL Holdings, Inc., a Virginia corporation,  is wholly owned by Time Warner, Inc. # 2).  AOL LLC was granted a certificate of authority to transact business or conduct affairs in Michigan as a foreign corporation on November 8, 2006.

Because a traditional "merger" did not occur between America Online Inc. #1 and Time Warner Inc. #1,  and because Time Warner #2 is not a successor corporation of  Time Warner Inc. #1 (rather, Time Warner #2 is the parent company of Time Warner #1, as well as the parent corporation of subsidiary AOL LLC),  the only manner in which Time Warner, Inc. #2 can be held liable for the alleged actions of its subsidiary America Online, Inc. #1,  is by piercing the corporate veil.

Under Michigan law, there is a presumption that the corporate form will be respected. *Seasword v. Hilti*, 449 Mich. 542, 537 N.W.2d 221, 224 (1995) (citing *Herman v. Mobile Homes*

*Corp.*, 317 Mich. 233, 26 N.W.2d 757, 761 (1947)).  "This presumption, often called the 'corporate veil,' may be pierced only where an otherwise separate corporate existence has been used to 'subvert justice or cause a result that [is] contrary to some overriding public policy.'" *Id.* (alteration in original) (quoting *Wells v. Firestone*, 421 Mich. 641, 364 N.W.2d 670, 674 (1984)).  Michigan courts will not pierce the corporate veil unless: (1) the corporate entity was a mere instrumentality of another entity or individual; (2) the corporate entity was used to commit a fraud or wrong; and (3) the plaintiff suffered an unjust loss.  *Foodland Distribs. v. Al-Naimi*, 220 Mich. App. 453, 559 N.W.2d 379, 381 (1996) (citing *SDC Chem. Distribs., Inc. v. Medley*, 203 Mich. App. 374, 512 N.W.2d 86, 90 (1994)); *see also Gledhill v. Fisher & Co.*, 272 Mich. 353, 262 N.W. 371, 372 (1935).  The propriety of piercing the corporate veil is highly dependent on the equities of the situation, and the inquiry tends to be intensively fact-driven.  *Kline v. Kline*, 104 Mich. App. 700, 305 N.W.2d 297, 299 (1981) (per curiam); *see Herman*, 26 N.W.2d at 761 ("In determining whether the corporate entity should be disregarded and the parent company held liable on the contracts of its subsidiary because the latter served as a mere instrumentality or adjunct of the former, each case is sui generies and must be decided in accordance with its own underlying facts.").

Mr. Bennett has had no direct dealings with Defendant Time Warner Inc. #2, (nor with Time Warner Inc.# 1). and all of his claims arise out of his dealings with America Online Inc. #1 (now AOL LLC).  Mr. Bennett does not allege that Defendant Time Warner's shareholders have failed to treat Time Warner Inc. #2 and AOL LLC as separate entities.  Nor does he allege that recognition of Time Warner as a separate entity will cause him any injustice, or that its

2:06-cv-13221-DML-SDP   Doc # 73   Filed 02/27/07   Pg 14 of 17   Pg ID 1073

incorporators acted with fraudulent intent.[4]  Instead, Mr. Bennett tries to conflate two separate

corporate entities with a conclusory allegation that Time Warner's majority-owned subsidiary

AOL, LLC is merely an "alter ego" of Time Warner.

Dismissal of claims against a parent corporation for failure to state a claim is appropriate

where, as here, the Plaintiff has failed to make allegations sufficient to satisfy the elements of a

veil piercing claim.  In *Southeast Texas Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666 (6th

Cir. 2006), the Sixth Circuit recently granted a parent corporation's motion to dismiss a suit

arising out of a subsidiary's alleged breach of a contract.  In that case, dismissal under Fed. R.

Civ. P. 12(b)(6) was granted because the complaint failed to "allege that [the parent corporation]

was 'involved in an elaborate shell game or [was] otherwise abusing the corporate form to effect

a fraud.'" *Id.* at 680 (citations omitted).  The Court further noted that the complaint contained

"no averment that 'the corporation [is] a sham and exist[s] for no other purpose than as a vehicle

for fraud.'" *Id.* (citations omitted).  *See also, Seasword* 449 Mich. 542 (claim against parent

corporation dismissed; plaintiff failed to allege that the parent and subsidiary had "abused their

presumably separate and distinct corporate forms.").

Moreover, the Court can disregard statements contained in Plaintiff's complaints and

briefs that are unsupported by any factual allegations.  *See Blackburn v. Fisk Univ.*, 443 F.2d

121, 124 (6th Cir. 1971) (granting motion to dismiss, and noting that "[t]here are no facts alleged

in support of the conclusions, and we are required to accept only well pleaded facts as true, not

---

[4]  At the hearing on this motion, counsel for Time Warner, Inc., and for AOL LLC
(formerly America Online, Inc.)  assured the Court that AOL LLC is an entity sufficiently
capitalized and solvent to pay any judgment that might be rendered in this litigation.  Plaintiff
does not challenge this assertion nor allege that Defendant Time Warner, Inc., must be treated as
an alter ego to avoid the injustice of his having a claim, which if reduced to judgment against
AOL LLC, could not be collected.

14

the legal conclusions that may be alleged or that may be drawn from the pleaded facts.")
(citations omitted).  *See also Botsford General Hosp. v. United Amer. Healthcare Corp*., 2003
WL 22850448 at *2 (Mich. App. 2003) (holding that allegations regarding common directors
and officers and "financing and expense matters" were insufficient to establish veil-piercing
claim).  The mere fact that Time Warner's name was once AOL Time Warner, Inc., does not
mean that Time Warner exercised significant control over the actions of its subsidiary, and no
such factually supported allegations appear in Plaintiff's complaints.

As the Supreme Court has recognized, "[i]t is a general principle of corporate law deeply
'ingrained in our economic and legal systems" that a parent corporation (so-called because of
control through ownership of another corporation's stock) is not liable for the acts of its
subsidiaries."  *U.S. v. Bestfoods*, 524 U.S. 51, 61 (1998) (citations omitted).  Given that Time
Warner and AOL LLC are separate corporate entities, and Plaintiff has made no allegations that
would justify piercing Time Warner's corporate veil, Defendant Time Warner should be
dismissed from this action.

## IV.   RECOMMENDATION

For the reasons stated above, **IT IS RECOMMENDED** that summary judgment be granted on
the factual issue that Defendant Time Warner is not a successor corporation of  America Online,
Inc., but is rather a parent corporation of AOL LLC (formerly America Online, Inc.) and **IT IS
FURTHER RECOMMENDED** that Defendant Time Warner's motion to dismiss be **GRANTED** and
that **TIME WARNER BE DISMISSED** as a party to this action.

The parties to this action may object to and seek review of this Report and
Recommendation, but are required to file any objections on or before March 16, 2007, hereof as

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific

objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140

(1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United

States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but

fail to raise others with specificity, will not preserve all the objections a party might have to this

Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401

(6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir.

1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall be not more than twenty (20) pages in

length unless by motion and order such page limit is extended by the Court.  The response shall

address specifically, and in the same order raised, each issue contained within the objections.  If

the Court determines any objections are without merit, it may rule without awaiting the response

to the objections.


Dated: February 27, 2007                          s/Steven D. Pepe
Flint, Michigan                                    United States Magistrate Judge

16

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on <u>February 27, 2007</u>, I electronically filed the foregoing paper with the Clerk  Court using the ECF system which will send electronic notification to the following: <u>Troy S. Brown, Harold Z. Gurewitz, Rebecca J. Hillyer, William F. Kolakowski, III, Krista L. Lenart,</u>  and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>William E. Bennett, 465 Selkirk Dr., Mt.Morris, MI 48458-8918.</u>

<u>s/ James P. Peltier</u>
James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church St.
Flint, MI 48502
810-341-7850
 pete__peliter@mied.uscourts.gov