UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM E. BENNETT,

               Plaintiffs,                         Civil Case Number 06-13221

v.                                                    Honorable David M. Lawson
                                                    Magistrate Judge Steven D. Pepe

AMERICA ONLINE, INC., TIME WARNER, INC.,
TUCOWS, INC., and JOHN DOE,

               Defendants.

_____/

## OPINION AND ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, ADOPTING RECOMMENDATION, AND GRANTING MOTION TO DISMISS BY DEFENDANT TIME WARNER, INC.

This matter is before the Court on objections by the plaintiff to a report filed by Magistrate Judge Steven D. Pepe recommending that the motion to dismiss filed by defendant Time Warner, Inc. be granted. This case has been on the magistrate judge's docket pursuant to an order of reference for general case management. After Time Warner filed its motion to dismiss, the magistrate judge sought additional information from the parties and considered matters outside the pleadings. Appropriately, Judge Pepe partially converted the motion to one for summary judgment under Rule 56. After the report and recommendation was filed, the plaintiff filed timely objections, the defendant responded, and the plaintiff replied. The Court has conducted a *de novo* review and concludes that the magistrate judge correctly recommended dismissal. The plaintiff alleges in his complaint, later amended, that the defendants infringed his copyright to a number of screen savers he uploaded through his account with America Online, Inc. His theory is that Time Warner is liable for America Online, Inc.'s conduct due to its merger with America Online, Inc. or, alternatively, because America Online, Inc. is a subsidiary of Time Warner. However, as the magistrate judge noted, the America Online entity with which the plaintiff dealt did not actually merge with defendant

Time Warner, Inc. Rather, defendant America Online, Inc., now apparently known as AOL, LLC, is a subsidiary of defendant Time Warner, Inc. Therefore Time Warner is not directly liable as a successor organization. Nor has the plaintiff made allegations sufficient to make out a claim of vicarious liability. Time Warner's motion to dismiss, therefore, will be granted.

I.

The plaintiff filed an amended complaint on October 2, 2006 in which he alleged that he and AOL had an implied contract pursuant to which the plaintiff granted AOL a non-exclusive, temporary software license that allowed AOL to provide his screen savers to AOL's members. Under this implied contract, AOL was required to protect the plaintiff's copyright rights and help promote the plaintiff's business by making the screen savers available to members. The plaintiff asserts that the non-exclusive license he granted to AOL contained a provision that supposedly limited AOL's right to copy and distribute his screen saver. The plaintiff uploaded the files at issue to AOL through his AOL connection, and AOL apparently put these files in what the plaintiff refers to as the "old screen saver libraries." Amend. Compl. ¶ 17, 18, 21.

According to the plaintiff, on July 22, 2003, AOL destroyed all links to the old screen saver libraries and no longer made those libraries available to its members. AOL created a new upload/download center that was linked to defendant Tucows' website. The plaintiff believes this violated his copyrights.

The amended complaint contains the following allegations regarding defendant Time Warner:

> 6. America On Line, Inc. and Time Warner, Inc., are Delaware Corporations that merged into one entity . . . and was known as Defendant AOL Time Warner, Inc.
> . . .

> 10. . . . The full relationship with Defendant AOL Time Warner, Inc. and Time Warner, Inc. and Defendant AOL LLC will have to be confirmed after discovery.

First Am. Compl. at ¶¶ 6, 10. The plaintiff does not mention Time Warner anywhere else in the entire complaint. The plaintiff subsequently filed a second amended complaint on February 5, 2007, but that pleading was stricken on March 8, 2007 because the plaintiff had not obtained permission to file it.

On March 16, 2007, the plaintiff filed a motion seeking permission to file another amended complaint. The proposed third amended complaint contains the following allegations regarding Time Warner:

> 6. America On Line, Inc. and Time Warner, Inc., are Delaware Corporations that merged into one entity.
> . . .
> 10. Defendant AOL Time Warner, Inc., (herein after AOL) is a corporation organized, existing, and doing business under and by the virtue of the laws of Delaware . . .. The full relationship with Defendant AOL Time Warner, Inc. and Time Warner, Inc. and Defendant AOL LLC will have to be confirmed after discovery. . . .
> 11. At all times pertinent to this Complaint, Defendant Time Warner, Inc. is a corporation organized, existing, and doing business under and by the virtue of the laws of Delaware.
> . . .
> Count –IX
> (Defendant Time Warner, Inc. (f/k/a AOL Time Warner, Inc.) Vicarious Liability)
> 81. The afore pled merger was conducted under, Title 8, Section 251, the laws of the State of Delaware. (8 Del. C. § 251)
> 82. As a result of the afore pled merger, on February 4, 2000, the separate existence of the constituent corporations America Online, Inc. and Time Warner, Inc., ceased as a matter of law under Title 9, Section 259 (8 Del. C. § 259) of the laws of Delaware.
> 83. As a result of the afore pled merger, on February 4, 2000, Defendant AOL Time Warner, Inc. acquired all the rights, duties, liabilities, and property of AOL, LLC (f/k/a America Online, Inc.), and Time Warner, Inc. (f/k/a AOL Time Warner, Inc.), as a matter of law under Title 8, Seciton 259 (8 Del. C. § 259) of the laws of the State of Delaware.

84. As a result of the afore pled merger, the Corporate Officers of Time Warner, Inc. (f/k/a AOL Time Warner, Inc.), also served as Corporation Officers of AOL, LLC (f/k/a America Online, Inc.).

85. As a result of the afore pled merger, from February 4, 2000, to, at least, October 16, 2003, the two entities AOL, LLC (f/k/a America Online, Inc.) and Time Warner, Inc. (f/k/a AOL Time Warner, Inc.) was treated as one entity.

86. The Corporate Officers pled in paragraph 81 above, knew, or should have known, that AOL, LLC (f/k/a America Online, Inc.) was contracting with Tucows, Inc., as pled in paragraph 10 above.

87. The afore pled Corporate Officers could have sought to stop the copyright infringement pled in Count III above.

88. Defendant Time Warner, Inc. (f/k/a AOL Time Warner, Inc.), stood to monetarily gain from the success of AOL, LLC (f/k/a America Online, Inc.).

89. Defendant Time Warner, Inc. (f/k/a AOL Time Warner, Inc.) is vicariously liable for AOL, LLC (f/k/a America Online, Inc.), and the infringement of plaintiff's Copyright.

. . .

WHEREFORE Plaintiff prays judgment:

I- Money Judgment:

a. On Counts I, II, VIII, and IX, against Defendants AOL, LLC (f/k/a America Online, Inc) and Time Warner, Inc. (f/k/a AOL Time Warner, Inc.), jointly and severally, statutory damages in an amount to be determined at hearing or trial, in the amount of $300,000.00, but no less than $300,000.00 (847 infringements X $750 minimum = $635,250.00) [sic]

. . .

c. On Count VI, against Defendants AOL, LLC (f/k/a America Online, Inc) and Time Warner, Inc. (f/k/a AOL Time Warner, Inc.), compensatory damages in an amount to be determined at hearing or trial but in no event less than the reasonable value of $20.00 per hour of Plaintiff's upload time from 1999 to July 2003 as determined from Defendant America Inline [sic], Inc.'s records; and

d. On Count VII, against Defendants AOL, LLC (f/k/a America Online, Inc) and Time Warner, Inc. (f/k/a AOL Time Warner, Inc.), compensatory damages in an amount to be determined at hearing or trial but in no event less then [sic] $10,000.00; and

e. On Count XIII, against Defendants AOL, LLC (f/k/a America Online, Inc) and Time Warner, Inc. (f/k/a AOL Time Warner, Inc.) treble the amount of damages plaintiff is found to be entitled to (15 USC 15).

. . .

II- Declaratory Judgment:

i. On Count X, Declaring Defendant Time Warner, Inc. (f/k/a AOL Time Warner, Inc.)/AOL, LLC (f/k/a America Online, Inc.)'s new upload agreement (Exhibit 10 Book of Exhibits) and any like provisions in their adhesive members contract, known as "Terms of Service," (TOS). Null and void as against public policy because the

> terms of the nonexclusive license "irrevocable and perpetual" when the whole contract can be terminated at the will of the parties.
> i. On Count XI, Declaring Defendants Time Warner, Inc. (f/k/a AOL Time Warner, Inc.)/AOL, LLC (f/k/a America Online, Inc.)'s forum selection clause contained in it's [sic] adhesive 2003 Terms of Service Agreement (TOS) unconscionable and void as against the public policy of Michigan because Michigan residents cannot contract for the venue of post contract causes of actions.
> j. On Count XII, Declaring Defendants Time Warner, Inc. (f/k/a AOL Time Warner, Inc.)/AOL, LLC (f/k/a America Online, Inc.)'s forum selection clause contained in it's [sic] adhesive 1998 Terms of Service Agreement (TOS) unconscionable and void as against the public policy of Virginia because it is not conspicuous.

Proposed Third Am. Complaint [dkt # 81]. The magistrate judge issued an order indicating he will not rule on the plaintiff's motion to file this proposed amended complaint until after this Court rules on the objections.

In order to determine the corporate relationship between AOL and Time Warner, the magistrate judge ordered supplemental briefing. Defendant Time Warner, Inc. filed an affidavit from Katherine Wychulis, chief corporate counsel for defendant AOL, LLC [dkt # 71], in which Ms. Wychulis explains the steps taken to combine AOL and Time Warner. This affidavit is the basis for the magistrate judge's conclusion.

The magistrate judge thoroughly traced the serpentine history of America Online, Inc.'s and Time Warner's combination based on evidence that was not refuted by the plaintiff. That history need not be repeated here. It is sufficient to summarize that AOL, LLC is a successor to defendant America Online, Inc., and it is a subsidiary of AOL Holdings, LLC, which is owned by defendant Time Warner, Inc., Google, Inc., and TW AOL Holdings, Inc. (which is wholly-owned by Time Warner, Inc.). The magistrate judge determined that no merger occurred between the present Time Warner, Inc., which is a defendant in this case, and AOL, LLC or its predecessor defendant America Online, Inc. Rather, AOL, LLC and its predecessors have always operated independently of

defendant Time Warner, Inc. or as a subsidiary owned by defendant Time Warner, Inc. Defendant Time Warner, Inc. is a parent company of AOL, LLC. "[N]o reasonable jury could find such a merger occurred to form the basis of corporate successor liability on the part of Defendant Time Warner, Inc." R&R at 11. The Court agrees.

The magistrate then addressed the plaintiff's alternate theories of liability against defendant Time Warner, Inc. Because the plaintiff contended that Time Warner, Inc. is the *alter ego* of America Online, Inc., the magistrate judge commented that to pierce the veil in Michigan, a plaintiff must show that (1) the corporate entity was a mere instrumentality of another entity or individual; (2) the corporate entity was used to commit a fraud or wrong; and (3) the plaintiff suffered an unjust loss. R&R at 13 (citing *Foodlands Distribs, Inc. v. Al-Naimi*, 220 Mich. App. 453, 559 N.W.2d 379 (1996). The magistrate disregarded the legal conclusions alleged in the plaintiff's complaint and considered only the facts pleaded. Because the plaintiff failed to allege facts meeting these three requirements, Judge Pepe concluded that the plaintiff had not alleged sufficient facts to pierce the corporate veil. "The mere fact that Time Warner's name was once AOL Time Warner, Inc. does not mean that Time Warner exercised significant control over the actions of its subsidiary, and no such factually supported allegations appear in Plaintiff's complaints." R&R at 15.

## II.

The plaintiff has four objections to the magistrate judge's report. Taking them in reverse order, the plaintiff argues that the magistrate judge erroneously concluded that no merger took place. The plaintiff claims the magistrate judge's decision does not comport with the evidence. The plaintiff believes AOL, LLC's predecessor company, America Online, Inc., merged with Time Warner, Inc. #1 to form defendant Time Warner #2's predecessor AOL Time Warner, Inc.

However, the undisputed evidence contradicts that contention. The plaintiff has neither pleaded any facts (as opposed to unsupported conclusions) nor offered any information outside the pleadings to contradict Judge Pepe's thorough discussion of the organizational history of the entities involved. This objection, therefore, will be overruled.

The plaintiff next argues that the defendant's 12(b)(6) motion cannot be granted because the magistrate judge considered matters outside the complaint. The plaintiff claims the magistrate judge's resolution of factual issues is improper at this point as no discovery has taken place. This argument has no merit. Courts may consider public records and filings with government agencies without converting a motion to dismiss under Rule 12(b)(6) to a summary judgment motion. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999) (noting that without converting the motion, "[c]ourts may . . . consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies"), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). In this case, the magistrate judge ordered both sides to present additional materials well before deciding the motion, and thereby he gave "all parties . . . reasonable opportunity to present all material made pertinent to" the issue, as Rule 12 requires. *See Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004).

The plaintiff also states Time Warner has admitted that it merged with America Online, Inc. The plaintiff cites paperwork Time Warner submitted to the SEC, which states "The Company . . . was formed on February 4, 2000 in connection with the AOL-Historic TW Merger." Pl.'s Obj. Ex. 4, SEC documents at 123. The defendant answered this argument by stating that "[m]any forms of business combinations are popularly described as mergers." Def. Time Warner's Resp. to Obj. at 9. The Court agrees that a casual remark in the popular media will not serve to establish a legal

conclusion, and Time Warner's submission using short-hand terms does not diminish the hard facts determined by Judge Pepe as to the history of the combination of the two entities and the resulting subsidiary enterprises.

Lastly, the plaintiff contends that the corporate veil theory is not applicable to this copyright infringement case, and the magistrate judge erred in discussing it. Rather, the plaintiff insists, his theory of liability against Time Warner is based on vicarious liability because Time Warner allegedly profited from AOL, LLC's infringing activity. The plaintiff relies heavily on *Gordon v. Nextel Comm'n*, 345 F.3d 922, 925 (6th Cir. 2003), in support of this objection.

In *Gordon*, the court of appeals affirmed the dismissal of a copyright infringement claim based in part on vicarious liability, and explained the elements of the claim as follows:

> Regardless of the defendants' actual knowledge of the removal or alteration of the copyright information, a party may be held vicariously liable for the actions of others under certain circumstances within the copyright context. Vicarious liability exists when (1) a defendant has the right and ability to supervise the infringing conduct and (2) the defendant has an obvious and direct financial interest in the infringement. *See Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2d Cir. 1963). These elements are independent requirements, and each must be present to render a defendant vicariously liable. *See id.* Lack of knowledge of the infringement is irrelevant. *See id.* Vicarious copyright liability is an "outgrowth" of the common law doctrine of respondeat superior, which holds the employer liable for the acts of its agents. *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 262 (9th Cir. 1996). However, vicarious liability extends beyond the traditional scope of the master-servant theory. *See* Nimmer on Copyright, § 12.04. As long as the required elements are presented, a defendant may be liable, even in the absence of a traditional employer-employee relationship. *See id.*

*Nextel*, 345 F.3d at 925. The plaintiff contends that even if America Online, Inc. (now AOL, LLC) is a subsidiary of Time Warner, Inc., Time Warner's status as parent to America Online, Inc. is sufficient grounds to find liability. The plaintiff states that a parent company can be held vicariously liable if it can supervise the actions of its subsidiary and has a financial interest in the subsidiary.

However, the plaintiff states the requirements too broadly and fails to acknowledge that the supervision and financial interest must be in the infringing activity. "Vicarious liability exists when (1) a defendant has the right and ability *to supervise the infringing conduct* and (2) the defendant has an obvious and direct financial interest *in the infringement*." *Nextel*, 345 F.3d at 925 (emphasis added).

The "right and ability to supervise" means more than simply owning some or all of the shares of stock in a company. The cases finding vicarious liability usually deal with much more day-to-day control than just the parent-subsidiary relationship. *See, e.g. King Records, Inc. v. Bennett*, 438 F. Supp. 2d 812, 852 (M.D. Tenn. 2006) (finding an individual vicariously liable for a business's infringement when the individual defendant was the sole shareholder of the business, "made all final decisions, and was ultimately responsible for anything that happened at [the business]"); *Microsoft Corp. v. Sellers*, 411 F. Supp. 2d 913 (E.D. Tenn. 2006) (finding individual owner vicariously liable for infringement where he was "the sole owner of the company and was responsible for the overall operation of the business and its day to day operations[, and] was the primary, if not sole, moving force behind the illegal acts of the business"); *Jobete Music Co., Inc. v. Johnson Commc'ns, Inc.*, 285 F. Supp. 2d 1077, 1084 (S.D. Ohio 2003) (finding majority owner of radio station vicariously liable for infringement where his duties "include supervising the station staff . . . [through which] station employees report to the Department Heads, and these supervisors, including the Program and Music Director, who is responsible for selecting the programming for the station, report to him"). Compare these cases to *Banff Ltd. v. Limited, Inc.*, 869 F. Supp. 1103 (S.D. N.Y. 1994), where the court dismissed vicarious liability claims on summary judgment because the plaintiff had alleged nothing more than the parent company's ownership of its subsidiary. "Simply [being] the parent is

not enough." Rather, "the plaintiff must show that the parent . . . has the right and ability to supervise the subsidiary, which is evidenced by some continuing connection between the two in regard to the infringing activity." *Id.* at 1110. *See also Goes Lithography Co. v. Banta Corp.*, 26 F. Supp. 2d 1042, 1045 (N.D. Ill. 1998) (holding that bare allegations that the infringer is a wholly-owned subsidiary of the parent is insufficient to establish vicarious liability; the plaintiff "must allege facts which show a continuing connection between the parent and the subsidiary to the infringing activities to make out a case for vicarious liability").

Regarding the financial benefit aspect of the test, *Ellison v. Robertson*, 357 F.3d 1072 (9th Cir. 2004), found no financial benefit accrued to America Online, Inc. when an infringer uploaded the plaintiff's short story onto a file-sharing network that America Online, Inc. allowed its users to access. The plaintiff alleged that the defendant Robertson uploaded short stories written by the plaintiff to USENET, a peer-to-peer network. Because America Online, Inc. provides its subscribers with access to USENET, the plaintiff alleged that America Online, Inc. was vicariously liable. The court of appeals rejected this claim, finding no financial benefit to America Online, Inc.:

> We note that there is no evidence that indicates that AOL customers either subscribed because of the available infringing material or canceled subscriptions because it was no longer available. While a causal relationship might exist between AOL's profits from subscriptions and the infringing activity taking place on its USENET servers, Ellison has not offered enough evidence for a reasonable juror so to conclude.

*Ellison*, 357 F.3d at 1079.

The plaintiff's first amended complaint contains no factual allegations on these two factors. The complaint alleges only that America Online, Inc. and Time Warner merged. First Am. Compl. at ¶ 6. There are no facts in the complaint from which the Court could conclude that Time Warner had the right to supervise America Online, Inc.'s destruction of the screen saver libraries or the

creation of a new upload/download center linked to Tucows' website. The parent/subsidiary relationship alone is not sufficient to show the ability to supervise.

The plaintiff has not alleged that Time Warner somehow profited by America Online, Inc.'s alleged infringement of his copyright in these screen savers. In fact, it's hard to see how Time Warner could possibly have profited through America Online, Inc.'s copying of a few free screen savers. "[T]here is no evidence that indicates that [Time Warner or AOL] customers either subscribed because of the available infringing material or canceled subscriptions because it was no longer available." *Ellison*, 357 F.3d at 1079. Although the defendant's motion originally was styled as a motion to dismiss, there are not even any allegations in the first amended complaint that this is the case.

The proposed second amended complaint does little in the pleading of facts to shore up these deficiencies. On the question of the right and ability to supervise the infringing conduct, the plaintiff alleges only that there are overlapping corporate officers among Time Warner and AOL, LLC, and the two companies were treated as one entity. On the financial interest issue, the plaintiff alleges only that Time Warner stood to profit from AOL, LLC's success. These allegations do not satisfy the two elements necessary for a claim of vicarious liability. The plaintiff's objection on this ground, therefore, must be rejected.

III.

The plaintiff's objections to Magistrate Judge Pepe's report and recommendation lack merit. The proposed amendment to the complaint does not alter the Court's view with respect to defendant Time Warner, Inc.

Accordingly, it is **ORDERED** that the petitioner's objections to the magistrate judge's report and recommendation [dkt # 76] are **OVERRULED**.

It is further **ORDERED** that the report and recommendation [dkt # 73] is **ADOPTED**.

It is further **ORDERED** that the motion to dismiss filed by defendant Time Warner, Inc. [dkt # 9] is **GRANTED**.

It is further **ORDERED** that the Time Warner, Inc. is **DISMISSED** from the case as a defendant.

It is further **ORDERED** that the matter is referred to the magistrate judge to conduct all additional pretrial matters, including disposition of pending motions. The Court requests a report on the items docketed as numbers 51, 61, 67, and 81 by the end of August 2007.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 27, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 27, 2007.

s/Felicia M. Moses
FELICIA M. MOSES